## City of Chester, Appellant, *v.* Holden.

*Municipalities—Streets—Second paving—Assessments—Affidavit of defense.*

In an action to collect assessments for street paving, an affidavit of defense is sufficient which alleges, substantially, that the street in question had been formerly paved by the city with a view to making it a permanent improved city street; that the work so done by the city consisted primarily of grading the roadway, by macadamizing the same, first, by putting large stones on the bottom and smaller stones thereon, and then a top dressing.

It is not the obligation of a defendant, in filing an affidavit of defense to set forth the evidence by which he expects to prove the facts averred, to the end that the court may, in limine, determine questions as to the competency of witnesses or the admissi-

bility and sufficiency of the evidence to be produced. Nor is it necessary that he should aver, in any particular set form of words, the essential facts which constitute his defense.

Argued November 18, 1919. Appeal, No. 184, Oct. T., 1919, by plaintiff, from judgment of C. P. Delaware County, Dec. T., 1913, No. 2127, discharging rule for judgment for want of a sufficient affidavit of defense in the case of City of Chester v. George Holden. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur municipal lien. Before JOHNSON, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*A. A. Cochran,* for appellant.

*John E. McDonough,* for appellee.

OPINION BY HEAD, J., February 28, 1920:

The action was scire facias sur municipal lien. The defendant filed an affidavit of defense and the plaintiff took a rule for a summary judgment because of its alleged insufficiency. The court below discharged the rule and the plaintiff appeals.

It seems to be necessary to occasionally remind ourselves that summary judgments which involve the denial of a trial by jury are properly entered only where it is manifest from the record that there exists no meritorious defense to the claim of the plaintiff. The gist of the defense in the case before us is that the plaintiff city is seeking to assess the cost of a second paving or repaving

of a street against the abutting property owners.  Every-
one concedes that the right of the city to so assess abut-
ting property is confined to cases of first paving.  The
correctness of this conclusion is obvious when we keep in
mind that while it is the right of the city to permanently
improve a street and assess the cost of such improvement
upon the abutting properties, when such improvement is
once made it is the plain obligation of the city at large to
keep in repair the street so improved.

What is a first pavement within the meaning of the
principle just stated?  The question has been answered
many times and usually in the language of Mr. Justice
MITCHELL in Philadelphia v. Eddleman, 169 Pa. 452: "A
first pavement therefore, in the legal sense, which ex-
empts the abutting property owner from liability for any
subsequent improvement, may be defined generally as
one that is put down originally or adopted or acquiesced
in subsequently, by the municipal authority, for the pur-
pose and with the intent of changing an ordinary road
into a street.  It may be of macadam or of anything else.
That is a matter of evidence only.  If the purpose and
intent be wanting, a mere surfacing of the road, however
carefully or expensively done, will not be a paving, but
if the intent and purpose are present, or to be fairly in-
ferred, then there is a paving whatever the material may
be.  It may perhaps be safely stated as a corollary that,
prima facie, macadamizing is not a street paving in
Philadelphia or probably in other large cities, while on
the other hand there may be a presumption the other way
in smaller cities or towns."  The affidavit avers that the
entire roadway of the street in question had previously
been macadamized by and under the authority of the
city; that the work done by the city consisted primarily
of grading the roadway and then macadamizing the same,
first, by putting large stones on the bottom, smaller
stones, thereon, and then a top dressing; that this work
was done from curb to curb, by the city, with the inten-

tion of turning a country road into an improved city street.

It is not the obligation of a defendant, in filing an affidavit of defense, to set forth the evidence by which he expects to prove the facts he avers to the end that the court may, in limine, determine questions as to the competency of witnesses or the admissibility and sufficiency of the evidence to be produced. Nor is it necessary that he should aver in any particular set form of words the essential facts referred to in the language of Mr. Justice MITCHELL we have quoted. It is distinctly averred that an improvement of the street was made by the city, that it extended over the full width of the street, that it was of a nature adequate to measure up to the standard of a permanent improvement; that it was done by the authority of the city, with the intent and purpose, on the part of the municipality, of converting what had before been an unimproved road or highway into an improved city street. If, upon the trial of the case, the defendant is able to offer evidence to warrant a jury in finding the truth of these averments, we think it reasonably plain that the learned court below was correct in making the order appealed from.

The appeal is dismissed at the cost of the plaintiff without prejudice, etc.